UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

REGINALD BERNARD SHANKLIN, )
)
        Plaintiff, )
)
v. )     16-CV-4010
)
LIBERTY HEALTH CARE CORP, *et al.,* )
)
        Defendant. )

### MERIT REVIEW AND CASE MANAGEMENT ORDER

    The plaintiff, proceeding *pro se*, a civil detainee in the Rushville Treatment and Detention Center, is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. § 1915(h).

    The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding *in forma* pauperis "at any time" if the action is frivolous, malicious or fails to state a claim, even if part of the filing fee is paid. 28 U.S.C. § 1915(d)(2). Accordingly this Court grants leave to proceed *in forma* pauperis only if the allegations state a claim for federal relief.

    In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

    The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that he has been discriminated against because of his race in the assignment of jobs, discipline for rule infractions, mental health treatment decisions, and the alleged failure to respond to his request to be moved away from a resident who has threatened him. He alleges that similarly situated white residents have received preferential treatment in all of these areas. He also seems to allege retaliation for his complaints.

    To state an equal protection claim, a § 1983 plaintiff must allege that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). The plaintiff states claims for equal protection and retaliation to survive the merit review stage, and the case will proceed accordingly on those claims as detailed below.

The plaintiff names 20 defendants in the caption in his complaint. However, only the individuals personally responsible for the alleged constitutional violations are liable. Supervisors are not liable just because they are in charge, and employees who are just following orders are generally not liable absent some plausible inference that they know carrying out those orders violate an individual's constitutional rights. *Kuhn v. Goodlow*, 678 F.3d 552. 556 (7th Cir. 2012)( "'An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.'")(*quoted cite omitted*); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). The plaintiff's allegations in his complaint state a plausible claim against the following defendants: Jumper, Dodds, Lodge, Jelinek, Godstein, Nguyen, Carreon, Polhamus, White, and Block. The plaintiff also named an additional defendant at the merit review hearing: Hougas. The remaining defendants were either non-suable entities, supervisors, or were just following orders. Liberty Health Care Corp., can be liable only for an unconstitutional policy attributable to the corporation; no inference arises of that on the allegations in the complaint. However, the plaintiff may file an amended complaint within 30 days of the entry of this order if he believes he can state factual allegations against the dismissed defendants that would state a federal claim.

IT IS THEREFORE ORDERED:

1. Hougas is added as a defendant.

2. The court finds that the plaintiff states a First Amendment retaliation claim and an equal protection claim under the Fourteenth Amendment against defendants Hougas, Jumper, Dodds, Lodge, Jelinek, Goldstein, Nguyen, Carreon, Polhamus, White, and Block. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. The defendants not named in paragraph 2 are dismissed, without prejudice, for failure to state a claim against them. If the plaintiff believes he can allege facts which would state a claim against these dismissed defendants, the plaintiff may file an amended complaint by April 18, 2016. An amended complaint must contain all of the plaintiff's claims against all of the defendants, because the amended complaint will replace the original complaint completely.

4. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

5. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

6. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the

clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

    7.    The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

    8.    This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

    9.    Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

    10.    The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    11.    If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

    12.    The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

    13.    The clerk is directed to add Hogus as a defendant.

    14.    The clerk is directed to terminate Liberty Health Care Corp., Department of Human Services, Dr. Anderson Freeman, Gregg Scott, Joseph Hankins, Krista Wilcoxen, David Biermann, Sandra Simpson, Judith Roth and Curtis Parsons as defendants.

    15.    The clerk is directed to attempt service on the defendants pursuant to the standard procedures.

    16.    The clerk is directed to terminate the defendants not listed in paragraph 2 above.

17.     Plaintiff's [3] motion for leave to proceed *in forma pauperis* is granted. Plaintiff's [6] motion for confirmation and [7] motion for status are denied as moot.

18.     Plaintiff's motions for counsel are denied [5, 9], with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v.Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in prison, and any prior litigation experience he has.

Entered this 18th day of March, 2016.

_____s/Harold A. Baker_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE